IN THE MATTER OF THE APPLICATION OF JOHN LYNCH AND JOHN McKEON, EXECUTORS, ETC., OF THOMAS HUGHES, DECEASED, TO MORTGAGE, LEASE OR SELL REAL ESTATE, ETC.

*Surrogate — jurisdiction of — he may entertain a petition to have a sale of real estate sold under an order of his court to pay debts, set aside.*

At a sale of real estate made by an executor under an order of the surrogate for the payment of the debts of the deceased, a portion thereof was purchased by one Wolfe, who thereafter paid ten per cent of the price bid, the auctioneer's fees and the cost of having a search made. The examination of title showed defects in the proceedings instituted to procure the sale, and that the Bureau of Inspection of Buildings in New York had directed the owners of the buildings on the premises to have them removed.

*Held*, that the surrogate had power to entertain a petition presented by Wolfe setting forth these facts, and praying to be relieved from his purchase and to have the money he had paid out refunded to him.

APPEAL by George Wolfe from an order, made at the Surrogate's Court of Westchester county, denying an application made by him to be relieved from a purchase of real estate at a sale thereof by an executor under the order of the surrogate to pay debts of the deceased testator.

The application was denied upon the ground that the surrogate had no power or jurisdiction to entertain the application or to give any relief to the petitioner.

*Joseph Fettretch*, for George Wolfe, the appellant.

*Frank E. Blackwell*, for Lynch, surviving executor and respondent.

DYKMAN, J. :

George Wolfe became the purchaser of certain real property sold by John Lynch, as executor, under an order of the surrogate, for the payment of the debts of his decedent. His bid was $5,325, and he paid down $532.50 for ten per cent thereof, and twenty dollars auctioneer's fees, besides $105 which he has paid for a search against the property. The examination of the title disclosed some irregularities in the proceeding which led up to the surrogate's order of sale, and also an order of the Bureau of Inspection of Buildings of the Fire Department in the city of New York, requiring the owners of the buildings on the premises to remove them. On the discovery of these difficulties, Wolfe presented his petition to the surrogate, disclosing them all, and asked to be relieved from his purchase and have his money refunded which he had paid out.

The surrogate refused to entertain the proceedings and denied the application on the ground that he possessed no power or jurisdiction to grant any relief. The question for us therefore relates to the power of the surrogate to entertain the proceedings and grant the desired relief. The application is for an order directing the executor, over whom the surrogate has full control, to repay money he has received in virtue of his office, while acting in obedience to an order of the surrogate. In this examination it matters not whether the application is meritorious or otherwise, or whether the facts set out in the petition are true or untrue. That must be determined by the surrogate, provided he entertains the application.

Surrogates have power to direct the disposition of real property, and interests in real property, of decedents for the payment of their debts and funeral expenses, and the disposition of the proceeds thereof. (Code of Civil Pro., § 2472, sub. 5.) They may also exercise such incidental powers as are necessary to carry into effect the powers conferred expressly. (Code, § 2481, sub. 11.) These provisions clothe those officers with power to make all necessary orders to carry into effect their decree of sale, and at last to compel an executor to execute a deed in consummation of his sale or to pay back to a purchaser his deposit paid at the sale.

This seems to be sufficiently clear under the provisions of the Code of Civil Procedure, even if it was not so before, and the view is sustained by the Court of Appeals *In the Matter of Dolan* (88 N. Y., '309).

The order of the surrogate should be reversed and the proceedings remitted to his court with directions to entertain the application and administer the proper relief; costs to be paid out of the estate.